UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17–CR–80102–RLR

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL C BROWN, et al.,

Defendant(s)

### ORDER RE: STATUS REPORT, SPEEDY TRIAL AND PRETRIAL MATTERS

**Within fourteen (14) days of this Order,** the parties shall file a Joint Status Report. This report shall answer the following questions.

A. Has all discovery been provided by the Government to Defendants? If not, what discovery is outstanding and when will it be produced?

B. Are the parties ready for trial? If not, why?

C. How many days do the parties expect a trial in the matter will require?

D. Is the case likely to be resolved by a guilty plea?

E. Are there video or audio tapes? If so, how many of each?

F. If transcripts are needed, have they been prepared? If not, when will transcripts be ready?

G. Are there any other matters in this case of which the Court should be aware?

### DISCOVERY MATTERS

All counsel are directed to read carefully the Standing Discovery Order which clearly delineates the parties' discovery obligations, including the materials sought by the vast majority of the standard pre–trial motions. Routine filing of "boilerplate" motions covered by the Standing Discovery Order, as well as repeated failure to timely provide discovery has substantially contributed to the backlog of criminal cases in this District. Accordingly, all counsel are hereby advised that this Court will recommend the imposition of sanctions against attorneys who persist in these practices.

The United States Attorney shall provide discovery to the defendant(s) within the time provided under the Standing Discovery Order. Failure to timely provide such discovery absent prior approval of the Court for an extension of time, may result in the imposition of sanctions by the Court.

### SPEEDY TRIAL ACT

Under Rule 88.5 of the Local Rules of the United States District Court for the Southern District of Florida it is duty the of the parties to provide the Court with written reports setting forth the speedy trial status of each case pending before the Court. Such reports shall set forth:

A. All excludable time on which there is agreement, with reference to the applicable statutes;

B. All excludable time as recorded on the docket on which there is a conflict, including references to the applicable statutes; and

C. Computation of the gross time, excludable time, net time remaining, and the final date upon which the defendant(s) may be tried in compliance with the speedy trial plan of this Court.

Any agreement by the parties as to excludable time which exceeds the amount recorded on the docket shall have no effect unless approved by the Court. Failure to timely file such reports may result in sanctions being imposed.

**MOTIONS**

The parties shall file all motions on a timely basis pursuant to Local Rule 88.9, which states:  At the time of filing motions in criminal cases, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (1) that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; or (2) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so.

Any motion to travel must set forth the following:

A.  The date the defendant desires to leave the area permitted under the bond;

B.  The date of his or her return;

C.  The address where the defendant will be staying;

D.  The telephone number at the place where the defendant will be staying;

E.  The method of travel to be used by the defendant;

F.  Whether the United States Attorney has no objection to such travel; and

G.  The name of the Magistrate Judge who originally set the conditions of release.

**DONE AND ORDERED** at West Palm Beach, Florida on The 9th of June 2017.

s/William Matthewman  
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record