UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cr-80102-ROSENBERG

UNITED STATES OF AMERICA,

    v.

MICHAEL C. BROWN,
JUSTIN R. HARRIS,
RONALD F. RYAN, JR.,
PHILLIPS N. ANTICO,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT BROWN'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO DEFENDANT BROWN IN DEFENDANT ANTICO'S FBI INTERVIEW

This cause is before the Court on Defendant Michael Brown's Omnibus Motion in Limine in which he seeks to exclude any reference to himself in Defendant Antico's FBI Interview. DE 53. The Motion has been fully briefed. In the Motion, Defendant Brown seeks to exclude references to himself in Defendant Antico's FBI Interview because introduction of the statements would violate (1) the prohibition on hearsay, (2) Defendant Brown's rights under the Confrontation Clause pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), and (3) Defendant Brown's rights under the Confrontation Clause pursuant to *United States v. Bruton*, 391 U.S. 132 (1968). The statements that are at issue are excerpted on pages 5–7 of the Government's Response ("Brown Excerpts"). DE 109. For the reasons set forth below, Defendant Brown's Motion [DE 53] is granted in-so-far as the Brown Excerpts shall be redacted.

The Government states that it is offering these statements only against Defendant Antico—not Defendant Brown—to "provide context for Antico's false claims to the FBI that Brown had already documented these facts in his report by the time Antico viewed the video." DE 109 at 8. The Government notes, however, that it will prove much of what is stated in the Brown Excerpts through other means,

including the admission of the PBSO helicopter video, "independent witnesses that Antico and Brown reviewed the PBSO helicopter video in the late afternoon of August 27, 2014," and "the audit trail of Brown's report [which] will show that Brown had not yet added the PIT maneuver or any strikes against the occupants of the car at the time he and Antico viewed the video." *See id.* at 8–9. Thus, the probative value of the Brown Excerpts is low.

On the other hand, the risk of unfair prejudice to Defendant Brown is high. For example, statements such as "he's a K-9 guy and that, uh, you know, most of those guys are pretty aggressive. . . . Mike's also a New York guy. He's a wild, you know, a wild guy. I mean and I mean, I mean, I mean that's what makes them seem more aggressive, you know? They're more in your face, blunt-type guys," *id.* at 5 (citations omitted), are highly prejudicial to Defendant Brown, even if the statements are being introduced only against Defendant Antico. Thus, on balance, the probative value of the Brown Excerpts is substantially outweighed by the danger of unfair prejudice to Defendant Brown.

The Brown Excerpts, which appear in the Government's Response to Defense Motions in Limine at docket entry 109 on pages 5–7, shall be redacted and not introduced in trial. By no later than Friday, October 27 at 5:00 pm, the Government shall provide the Defendants with the redacted version of Defendant Antico's statement that redact the Brown Excerpts.

It is therefore **ORDERED AND ADJUDGED** that Defendant Brown's Omnibus Motion in Limine [DE 53] is **GRANTED** in-so-far as the Government must redact the Brown Excerpts, found in pages 5–7 of the Government's Response to Defendant's Motion in Limine at docket entry 109.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of October, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record