UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:17-cr-80102-ROSENBERG

UNITED STATES OF AMERICA,

v.

MICHAEL C. BROWN,
JUSTIN R. HARRIS,
RONALD F. RYAN, JR.,
PHILLIPS N. ANTICO,

　　　　Defendants.

_____/

ORDER DENYING DEFENDANTS HARRIS AND BROWN'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THEIR
ACTIONS VIOLATED BOYNTON BEACH POLICE DEPARTMENT POLICIES

This cause is before the Court on Defendants Justin Harris and Michael Brown's[1]

Motions in Limine to exclude evidence that their actions violated Boynton Beach Police

Department ("BBPD") policies.[2] DE 52, 57. The Motions have been fully briefed. Defendants

Harris and Brown argue that this evidence is irrelevant under Federal Rule of Evidence 402, or,

in the alternative, should be excluded under Federal Rule of Evidence 403's balancing test. *Id.* at

1–2. After reviewing the Motions and the Government's Response, DE 109, the Court concludes

that Defendants Harris [DE 52] and Brown's Motions [DE 57] are denied for the reasons set

forth below.

The Government argues that evidence of the Defendants' violation of BBPD policies

---

[1] Defendant Brown adopted Defendant Harris's Motion in Limine to exclude evidence that his actions violated Boynton Beach Police Department policies. *See* DE 57.

[2] No party has provided the Court with the language of the BBPD policies at issue. The Government's Response states that "[t]he fact that defendant Harris violated departmental policies regarding the amount of force that he was permitted to use against the victim under the circumstances that he confronted, and the fact that he failed to properly report that use of force in a mandatory supplemental report are evidence of defendant Harris's willfulness, which is an element of the civil rights statute." DE 109 at 2. The Court relies on this statement to conclude that there are two policies at issue, one relating to the use of force and one relating to preparing reports.

demonstrates their willfulness, an element of the civil rights statute.[3] DE 109 at 2. Specifically, the Government argues that the Defendants' violations of two PPBD policies are relevant: (1) the violation of the amount of force that Defendants were permitted to use is relevant to the charges of Deprivation of Rights Under Color of Law, *see* DE 81 at 2, and (2) the failure to report the use of force in the mandatory supplemental report is relevant to the charges of Falsification of Records, *see id.* at 3–5. *See* DE 109 at 2.

Evidence that the Defendants violated police policies regarding the use of force is relevant under Federal Rules of Evidence 401 and 402. The Eleventh Circuit has found that "[i]n determining whether a defendant in an excessive force case has acted 'reasonably,' it is proper to look to the existence of police regulations." *United States v. Meyers*, 972 F.2d 1566, 1574 (11th Cir. 1992) (citing *Tennessee v. Garner*, 471 U.S. 1, 15–19 (1985)). Similarly, evidence regarding the fact that the Defendants' failure to report the use of force in the mandatory supplemental reports violated BBPD policy is relevant to the Defendants' intent. *See United States v. Brown*, 250 F.3d 580, 586 (7th Cir. 2001) (stating the district court did not err in permitting the government to argue that failing to follow police procedure was evidence of defendant's intent). The Government, of course, would need to lay the proper foundation showing that Defendants knew of and/or were trained in any policy for it to be relevant to the Defendants' intent.

Despite its relevancy, the Defendants argue that the evidence should be excluded under Rule 403's balancing test because it could mislead the jury. DE 52 ¶¶ 5–6. Rule 403 states: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

---

[3] *See* 18 U.S.C. § 242 ("Whoever, under color of any law, statute, ordinance, regulation, or custom, *willfully* subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . .") (emphasis added).

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence that the Defendants' conduct violated the BBPD policy is probative because it supports both the Government's contention that the Defendants' use of force was unreasonable and that the Defendants' actions were willful. On the other hand, there is minimal risk of misleading the jury. The Government does not seek to argue that the evidence that the Defendants' conduct violated the BBPD policies is itself a constitutional violation. *See Brown*, 250 F.3d at 586. Thus, the probative value of the evidence that the Defendants' conduct violated BBPD policies is not substantially outweighed by the danger of misleading the jury.

If Defendants Brown and Harris believe that a limiting instruction should be given in connection with the evidence regarding violations of BBPD policy, Defendants Brown and Harris shall submit their proposed limiting instruction to the Court by 8:30 am on Monday, October 30, 2017. Defendants Brown and Harris also shall (1) confer with the Government regarding the proposed limiting instruction to see if it objects, and (2) confer with Defendants Ryan and Antico to see if they object. If the Government, Defendant Ryan, or Defendant Antico objects to the limiting instruction proposed by Defendants Brown and Harris, they each shall submit to the Court by 8:30am on Monday, October 30, 2017 their own limiting instruction or an explanation as to why no instruction should be read.

It is therefore **ORDERED AND ADJUDGED** that Defendants Harris [DE 52] and Brown's Motions [DE 57] are **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of October, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE