UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80102-CR-ROSENBERG/HOPKINS

UNITED STATES OF AMERICA

v.

MICHAEL C. BROWN,
JUSTIN R. HARRIS,
RONALD F. RYAN, Jr.,
PHILIP N. ANTICO,

        Defendants.
_____/

**GOVERNMENT'S EMERGENCY MOTION TO RECONSIDER ORDER GRANTING DEFENDANT BROWN'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO DEFENDANT BROWN IN DEFENDANT ANTICO'S FBI INTERVIEW**

The United States, by and through the undersigned attorney, hereby moves this Court to reconsider its order granting defendant Brown's motion to exclude references to himself in Defendant Antico's FBI interview. Alternatively, the Government moves this Court to sever the charges against defendant Antico from the charges against defendants Brown, Harris and Ryan, and proceed with separate trials. In requesting severance, the Government does not seek modification or an extension of the time period currently scheduled for the trial of all four defendants.[1]

Defendant Antico is charged with aiding and abetting defendants Brown and Harris in the falsification of records. With respect to defendant Brown, defendant Antico knowingly permitted Brown to submit a falsified report into the Boynton Beach Police Department's collective report of the high speed pursuit of an eluding vehicle and the

---

[1] Presently, the Court has ordered trial to commence on October 30, 2017 and conclude on November 17, 2014. The government is prepared to commence trial on October 30, 2017 against defendants Brown, Harris, and Ryan. After discussions with the defense, the government has been able to eliminate some witnesses through stipulations, and now expects that the trial would conclude on or before November 8, 2017. The government is prepared to commence trial against defendant Antico immediately after the end of the first trial. If the case were to start on November 13, 2017, the Government expects that trial against a single defendant would conclude on or before November 17, 2017. A single defendant also should not require a special jury panel.

1

apprehension and arrest of the occupants of that vehicle. During the federal investigation of this matter, defendant Antico attempted to mislead FBI agents about his involvement in the falsification of the records and defendant Antico stated that when he viewed the video with Brown that he could not "make out who's who. I just see a bunch of freakin' – **I can make out Mike [Brown], cause he's got a vest on**. And you could really make out Cynthia, 'cause she's the only female, I think, on scene. And I just see a melee. **I do see punches and kicks**." Significantly, Antico also told federal investigators that while he watched the video with Brown, Brown said, "**I know I just threw punches and kicks** on some of these guys because they were resisting."

To prove a violation of §1519, the government must prove three elements: (1) that the defendant knowingly falsified a report; (2) that the purpose was to obstruct an investigation; and (3) that the investigation related to a matter within the jurisdiction of the federal government, or in contemplation of any such matter. The Eleventh Circuit has interpreted the language of §1519 to require "only that a criminal defendant 'knowingly' alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry," and that "[t]here is nothing in the language that says the defendant must also know that any possible investigation is federal in nature." *United States v. McQueen*, 727 F.3d 1144, 1152 (11th Cir. 2013); *see also United States v. Campa*, 529 F.3d 980, 1006 (11th Cir. 2008) ("[N]o proof of *mens rea* is necessary for elements that are 'jurisdictional only.'").

The first element that the Government must establish in order to prove that defendant Antico violated §1519 is that Antico knowingly falsified (aided and abetted) a report. Defendant Brown submitted a report of the incident that did not include, among other omissions, that Brown kicked the front seat passenger. The video recording of the incident depicts Brown kicking the front seat passenger, and Antico's admission that (1) he "can make out Mike, because he's got a vest on"; (2) that "[Antico] do see punches and kicks"; and (3) that Brown stated to Antico "I know I just threw punches and kicks" are direct evidence establishing Antico's knowledge that Brown's report was untruthful. These statements are highly probative of Antico's culpability for violating of §1519 and are equally probative of Antico's knowingly misleading the FBI to conceal his personal culpability in the falsification of records.

Accordingly, the Government respectfully requests the Court to reconsider its order requiring the redaction of all references by defendant Antico to defendant Brown and specifically exclude from the redaction order the three references by Antico to Brown that are enumerated above. In the alternative, the Government requests that the Court sever defendant Antico from the other three defendants and permit the Government to proceed to trial against Antico with these material admissions by defendant Antico, which are highly probative of a central element that the Government must establish under the crimes for which defendant Antico is charged. Although defendants Harris and Ryan have not specifically raised *Bruton* issues, defendant Antico also made references to them, which are relevant to his knowledge and intent.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:  s/Susan Osborne
SUSAN OSBORNE
Court Identification No. A5500797
Assistant United States Attorney
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing to be filed using CM/ECF on October 26, 2017.

s/Susan Osborne
Assistant United States Attorney