**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-80102-CR-ROSENBERG/HOPKINS(s)**
**18 U.S.C. § 242**
**18 U.S.C. § 924(c)(1)(A)(i))**
**18 U.S.C. § 1519**
**18 U.S.C. § 1512(b)(3)**

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL C. BROWN,**
**JUSTIN R. HARRIS,**
**RONALD F. RYAN, Jr.,**
**and**
**PHILIP N. ANTICO,**

        **Defendants.**
_____/

**GOVERNMENT'S NOTICE REGARDING DEFENSE EXPERT**

        The United States, by and through the undersigned attorney, hereby files this Notice for the Court regarding defendant Ronald F. Ryan's proposed use of force and report writing expert. On October 23, 2017, counsel for defendant Ryan sent an email stating that it was "not likely" that he would call the expert as a witness, but it was a "possibility." Counsel did not provide a report, but instead, gave the following summary:

> Mr. Root is basing his opinions on his review of the reports and audit trails, the videos of the vehicle stop supplied by the Government, the recording/transcript of the dispatch transmissions, and Aikens' interview.
>
> Based on the above and his training and experience as set forth in his CV, Mr. Root will testify that in light of the circumstances Ryan was presented with concerning the stop of the vehicle, and the information Ryan possessed concerning the actions of the driver and passengers, Ryan's response and his use of force in assisting Brown was appropriate and justified in that it appeared to Ryan that [J.B.] was resisting Brown and not voluntarily exiting the vehicle.  Ryan's further actions in attempting to secure [J.B.], and, specifically, in applying knee strikes to [J.B.'s] thigh, were also justified and an appropriate use of force in that the strikes were necessary to obtain [J.B.'s] compliance to show his hands to determine

that he did not have a weapon and to safely secure him.

In regard to the preparation of Ryan's report, again, based on the above information and Root's training and experience, Root will testify that it is not uncommon for an officer to use another officer's information or report in drafting his own report, nor is it uncommon for an officer to revise his report.  This is particularly so where the officer was not the lead officer and where the officer was in a support role.  Here, the primary investigation concerned the apprehension of the driver of the vehicle, not the passengers, and Ryan apparently had no interaction with the driver.  [J.B.'s] apprehension and arrest, and any charging decision concerning [J.B.], was secondary to the apprehension, arrest and charging of the driver.

Accordingly, relying on counsel's representation that Ryan is not likely to call his use of force and report writing expert, the government respectfully requests that it be allowed to litigate this matter should defendant Ryan definitively decide that he will call the expert as a witness.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:     s/Susan Osborne
SUSAN OSBORNE
Court Identification No. A5500797
Assistant United States Attorney
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing to be filed using CM/ECF on October 26, 2017.

s/Susan Osborne
Assistant United States Attorney