**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:17-cr-80102-ROSENBERG

UNITED STATES OF AMERICA,

v.

PHILIP ANTICO,

    Defendant.
_____/

**ORDER DENYING SERGEANT ANTICO'S MOTIONS**
**FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL**

**This Cause** is before the Court on Sergeant Antico's Motion for Judgment of Acquittal, DE 203 & 218, and Motion for a New Trial, DE 202 & 217. The Government responded to both motions, DE 225, and Sergeant Antico replied, DE 227. The Court hereby denies Sergeant Antico's Motions for Judgment of Acquittal and for a New Trial.

**I.**     **FACTS**

On August 20, 2014, members of the Boynton Beach Police Department attempted to perform a traffic stop of a vehicle. The driver of the vehicle did not stop the car but instead lead the officers on a high-speed chase. After the vehicle was stopped, several Boynton Beach Police Officers used force against the occupants of the vehicle. Some of the incident was caught on video by a Palm Beach Sheriff's Office ("PBSO") helicopter.

Following the incident, the Boynton Beach Police Officers each wrote a required officer report describing the incident and submitted their reports to Sergeant Antico, their supervising sergeant on duty. After watching the PBSO video, Sergeant Antico rejected some of these reports and the officers made changes to add information that was not present in their initial reports. Sergeant Antico accepted these officers' changed reports. On February 19, 2015, Sergeant

Antico met with the FBI and the Government alleged that he misled the FBI regarding these officers' reports. Specifically, the Government alleged that Antico vouched for the credibility of the officers and did not disclose that he had rejected versions of their reports.

In a Superseding Indictment, Sergeant Antico was charged with falsification of records (Counts Six and Seven) and obstruction of justice (Count Eight). Following a jury trial, Sergeant Antico was convicted of Count Eight and was acquitted of Counts Six and Seven.

## II. LEGAL STANDARDS

The standard for a Federal Rule of Criminal Procedure 29(c) Motion for Judgment of Acquittal is as follows:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

*United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) (citation omitted).

The Court may grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. The Eleventh Circuit has stated that:

> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion. While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with

> caution, doing so only in those really "exceptional cases." Applying these principles, courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies.

*United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985) (citations omitted).

### III. SUFFICIENCY OF THE EVIDENCE

In order to convict Sergeant Antico of obstruction of justice in violation of 18 U.S.C. § 1512(b)(3), the jury had to find the following elements: (1) the Defendant knowingly engaged in misleading conduct toward another person; (2) the Defendant acted with the intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of an offense; and (3) the offense was a federal offense. DE 184 at 18.

In both his Motion for Judgment of Acquittal and Motion for New Trial, Sergeant Antico argues that the Government presented insufficient evidence that he acted knowingly and that he intended to mislead the investigators when he stated that he had no concerns about the credibility or accuracy of the officers; rather, he argues that the evidence showed that Sergeant Antico did not remember many of the details of the incident and that he offered to investigate the answers to the FBI's questions and report back. DE 218 at 2–4. The Government responds that a reasonable jury could have concluded, and the evidence does not preponderate heavily against a finding, that Sergeant Antico made false statements to the FBI in the February statement because Sergeant Antico never revealed that the officers submitted reports that failed to document their use of force or that he rejected several reports. DE 225 at 9.

The Court agrees with the Government that, under either the Rule 29(c) standard for judgment of acquittal or the Rule 33 standard for a new trial, there was sufficient evidence to

find that Sergeant Antico was guilty beyond a reasonable doubt. There was sufficient evidence to conclude that Sergeant Antico knowingly mislead the FBI when he did not disclose that he had rejected several reports in quick succession because the reports did not accurately reflect the use of force that Sergeant Antico saw in the PBSO video. Sergeant Antico also remembered other details from the incident, including the original call from the officer who attempted to stop the car, the sequence of the chase, and being asked by the officers if they could "take the car out." *See* DE 225 at 10. There was sufficient evidence to conclude that Sergeant Antico's memory of some details but not of others demonstrates a knowing intent to mislead the FBI. *See United States v. Umbach*, No. 16-11588, 2017 WL 3730525, at *6 (11th Cir. Aug. 30, 2017) (stating that a jury was entitled to conclude based on circumstantial evidence that defendant acted knowingly and was lying about what defendant did and did not remember).

### IV. ALLEN CHARGE

In his Motion for a New Trial, Sergeant Antico argues that the Court's instruction on the Allen Charge was unconstitutionally coercive. DE 217 at 2. Specifically, Sergeant Antico objects to the portion of the Allen Charge that reads:

> This is an important case. The trial has been expensive in time, effort, money, and emotional strain to both the defense and the prosecution. If you fail to agree on a verdict, the case will be left open and may have to be tried again. Another trial would increase the cost to both sides, and there is no reason to believe that the case can be tried again by either side any better or more exhaustively than it has been tried before you.

This language came from the Eleventh Circuit Pattern Jury Instructions and has been approved by the Eleventh Circuit in various cases. *See, e.g.*, *United States v. Chigbo*, 38 F.3d 543, 544–45 (11th Cir. 1994). Accordingly, the Court concludes that it was not unduly coercive.

## V. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1. Sergeant Antico's Motion for Judgment of Acquittal [DE 203 & 218] is **DENIED;**

2. Sergeant Antico's Motion for a New Trial [DE 202 & 217] is **DENIED.**

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 12th day of January, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE